HARTZ, Circuit Judge, dissenting: I |ail to understand the reasoning of the majority opinion. The district court’s decision to deny the conservation groups’ motion to intervene is unassailable. In accordance with concessions made by the plaintiff WEA (and after stating that it would hold WEA to those concessions), the court determined that none of the interests expressed by the conservation groups was still at risk in the litigation, so they had no right to intervene. But rather than acknowledging the conservation groups’ victory in eliminating most of WEA’s claims, the majority opinion reinstates some of those claims, permitting the conservation groups to participate in litigating issues on which its views had already prevailed. To be sure, even after WEA’s concessions there remain some issues before the district court; but the conservation groups never suggested in district court that they had a protected interest in the resolution of those issues. My view is essentially that presented by the government in its amicus brief on appeal: Under the claims pleaded and relief sought in WEA’s complaint (which, among other things, appeared to challenge the BLM’s Leasing Reform Policy) the conservation groups had a right to intervene in the case. But by the time of the hearing on the conservation groups’ motion to intervene, the issues had been greatly narrowed. The district court stated unequivocally that the Leasing Reform Policy was no longer in play: “After hearing from the parties and reviewing the Complaint and other pleadings filed in this case, the Court is convinced that this case is not an attempt to set aside or modify the Leasing Reform Policy, nor is it a challenge to the Leasing Reform Policy.” Aplt App. Vol. Ill at 347. The court explained that WEA “simply seeks to hold BLM to those provisions which track BLM’s obligations under the Mineral Leasing Act.” Id. It added that WEA also “does not challenge BLM’s discretion to determine when and how land parcels became ‘eligible’ or BLM’s right to withhold parcels, or BLM’s discretion to determine when further environmental analysis is necessary for any parcel of land.” Id. at 347 (footnote omitted). As a result, it said, “while quarterly lease sales of ‘eligible’ lands are mandatory under the Mineral Leasing Act, BLM still has complete discretion to decide which parcels are offered for lease sale to oil companies.” Id. In other words, WEA did not seek to challenge,' or to limit, BLM’s discretion to determine when eligible lands are available for leasing. The only issue remaining in the case was whether BLM is refusing to conduct the statutorily required quarterly lease sales of eligible land determined to be available for leasing. The district court declared that WEA’s concessions, would be binding: “The Court accepts the representations ofr[WEA]’s counsel and will hold [WEA] to' those representations.” Id. at 348. In light of that pronouncement by the district court, I am puzzled by the majority opinion’s statement that rescission or revision of the Leasing Reform Policy “remains an issue.” Maj. Op. at 1168 n.4. When did we start ignoring rulings of the district court?[1] Given this narrowing of the issues, the district court turned to an examination of the interests identified by the conservation groups to determine whether they could still justify intervention. The opening paragraph of their motion to intervene states that they “request intervention because [WEA] seeks relief that would harm their interests by eliminating important environmental protections on public lands, and by pursuing a declaratory ruling that could fundamentally change the federal oil and gas leasing program.” Aplt. App. Vol. I at 44-45. The motion then identified the two forms of relief sought by WEA to which the conservation groups objected: “First, WEA challenges [the Leasing Reform Policy].” Id. at 45. “Second, WEA seeks a far-reaching ruling that BLM must offer oil and gas leases for sale every three months wherever a company expresses interest in leasing public lands.” Id. In my view, those interests would justify intervention under a reasonable reading of the complaint. But the district court correctly determined that those interests are not threatened by the sole relief that the court would allow WEA to pursue: compelling compliance with the statutory requirement that the BLM conduct quarterly lease sales for eligible parcels deemed by the BLM to be available for leasing. On appeal the conservation groups have utterly failed to identify an interest (certainly not a protected interest) raised in the district court that is threatened by what is left of this litigation. Articulating an interest now is too late. The district court had to rule on what was before it at the time of the ruling. Of course, affirming the district court would not preclude a future motion to intervene by the conservation groups if they believe they have the necessary interest in the remaining issues being litigated. I respectfully dissent. . Footnote 3 of the majority opinion relies on an exchange during oral argument as showing that WEA was "vehemently object[ing]” to the Leasing Reform Policy. Counsel for WEA did indeed respond "That’s correct, Judge” to a relatively long question that included the language "vehemently object.” It appears, however, that counsel probably understood the question to be asking the opposite of what it actually asked. For the next seven minutes counsel made clear that he was challenging only application of the Mineral Leasing Act, not the Leasing Reform Policy, And he explicitly stated that the lawsuit does not challenge BLM’s determination of what lands are eligible and available for leasing. The footnote also asserts that WEA’s brief on appeal raises these issues; but I cannot find support for that assertion. In any event, it does not matter what counsel said in a brief or oral argument, because the district court had taken these issues off the table.